**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| ALFONZIA JORDAN, JR., ) | CASE NO. 1:16 CV 2298 |
| ) | |
| Plaintiff, ) | JUDGE JOHN R. ADAMS |
| ) | |
| v. ) | |
| ) | MEMORANDUM OF OPINION |
| STATE OF OHIO, *et al.*, ) | AND ORDER |
| ) | |
| Defendants. ) | |

*Pro se* Plaintiff Alfonzia Jordan, Jr. filed this action against the State of Ohio. He supplemented his Complaint on January 12, 2017 and added Cuyahoga County as a Defendant. In the Complaint, Plaintiff alleges he was tried for the rape of his grandchildren based on faulty DNA evidence and was acquitted of all charges. He indicates his "time frame was violated" but asserts no other discernable legal claims. He does not specify the relief he seeks.

**I.    Background**

Plaintiff's Complaint and supplement are very brief. Plaintiff was the criminal defendant in Cuyahoga County Court of Common Pleas Case No. CR-15-598120-A, charged with three counts of rape, three counts of kidnaping, and three counts of GSI. He indicates that the DNA tests were not conducted properly and resulted in false positives. He contends the flaws in tests were revealed at trial under cross-examination and he was acquitted on all charges. He also alleges, without explanation, that his "time frame was violated." (Doc. No. 1 at 1). Other than

what appears to be a claim for denial of a speedy trial, Plaintiff does not identify any legal claims in his Complaint. He does not specify the relief he seeks.

## II.     Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Twombly*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds,*

*Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

### III.     Analysis

As an initial matter, it is unclear what relief Plaintiff is hoping to obtain from this lawsuit. Any claim for injunctive relief is moot, as Plaintiff was acquitted of the charges and released from custody.

If Plaintiff is seeking monetary damages, he cannot obtain them from these Defendants. The Eleventh Amendment is an absolute bar to the imposition of liability on a State in federal court. *Latham v. Office of Atty. Gen. of State of Ohio*, 395 F.3d 261, 270 (6th Cir. 2005). Plaintiff's claims against the State of Ohio are barred by the Eleventh Amendment.

Furthermore, Plaintiff cannot impose liability on the County for the actions of its employees or officers. A Plaintiff may only hold a local government entity liable under § 1983 for the entity's own wrongdoing. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 692- 94 (1978). Section 1983 does not permit a Plaintiff to sue a local government entity on the theory *of respondeat superior*. *Id.* A local government entity violates § 1983 where its official policy or custom actually serves to deprive an individual of his or her constitutional rights. *Id*. A "municipal policy" includes "a policy statement, ordinance, regulation, or decision officially adopted and promulgated." *Powers v. Hamilton County Pub. Defender Comm'n*, 501 F.3d 592, 607 (6th Cir. 2007) (quoting *Monell*, 436 U.S. at 690). A "custom" for purposes of *Monell* liability must "be so permanent and well settled as to constitute a custom or usage with the force of law." *Monell*, 436 U.S. at 691. To state a claim for relief against a municipality under § 1983, Plaintiff must: (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy.

*Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003). Here, Plaintiff contends he was tried for rape based on a false positive result in a DNA test. He also asserts his speedy trial rights were violated. He does not allege either of these actions was the result of a custom of policy of Cuyahoga County. Absent these allegations, Plaintiff cannot hold the County liable for the actions of judges, prosecutors or crime lab technicians.

Even if Plaintiff could proceed with civil rights claims against either of these Defendants, he has not stated a claim upon which relief may be granted. Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir.1991), the Court is not required to conjure up unpled allegations. *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008). To meet the basic pleading requirements of Federal Civil Procedure Rule 8, the Complaint must give the Defendants fair notice of what the Plaintiff's claims are and the factual grounds upon which they rest. Plaintiff includes very few factual allegations. He indicates he was brought to trial on a DNA test that was not properly performed in the lab, but he does not identify a legal cause of action he intends to assert with respect to this action. Furthermore, he indicates his right to speedy trial was violated, but he does not allege any facts to indicate why or how it was violated. This claim is stated solely as a legal conclusion, which is not sufficient to present a valid claim. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987); *see also Place v. Shepherd*, 446 F.2d 1239, 1244 (6th Cir. 1971) (conclusory section 1983 claim dismissed). As written, Plaintiff's Complaint does not satisfy the minimum pleading requirements of Federal Civil Procedure Rule 8.


**IV.     Conclusion**

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e).  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.


Date: March 24, 2017                    　　s/John R. Adams
                                        JOHN R. ADAMS
                                        UNITED STATES DISTRICT JUDGE

---

[1] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.